Case 08-41940-dml13  Doc 49  Filed 10/17/08  Entered 10/17/08 09:11:24  Page 1 of 10



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**Signed October 16, 2008**                                              **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORNTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-41940-DML |
| | § | |
| HAROLD EUGENE DAVIS and | § | |
| ASHLEY DAWN DAVIS | § | Chapter 13 Case |
| | § | |
| DEBTORS. | § | |

**MEMORANDUM OPINION**

Before the court is the *Motion of Mark Evans to Extend Deadline to File Complaint to Determine Nondischargeability of Debt Through Relation Back to Objections to Debtors' Chapter 13 Plan* (the "Motion") filed by Mark Evans ("Movant" or "Evans"), an unsecured creditor in the above-styled case. By the Motion, Movant asks the court to extend the deadline for objecting to the dischargeability of his claim. On September 23, 2008, the court held a

hearing (the "Hearing") on the Motion. At the Hearing, the court heard arguments from Evans and Debtor Harold Davis ("Debtor" or "Davis").

This matter is subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). This memorandum opinion embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 9014 and 7052.

### I. Background

On April 3, 2008, approximately one month before this bankruptcy case was commenced, Evans filed *Plaintiff's Original Petition* initiating Cause No. 08-03701 in the 298th District Court for Dallas County, Texas (the "Collection Case"). Evans, a lawyer, sued the defendants, including Davis, for breach of a contract called *Agreement for Payment of Legal Fees* (the "Agreement").[1] On April 8, 2008, the defendants in the Collection Case filed their answer.

While the Collection Case was pending, on May 1, 2008, Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code (the "Code")[2] in this court. On or about that same day, the court clerk issued the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "Case Filing Notice"). The Case Filing Notice, Official Form 9I, included the following language: "Deadline to File a Complaint to Determine Dischargeability of Certain Debts:" followed by a blank space. No other notice was sent fixing the deadline for filing dischargeability complaints.

---

1 According to the copy of the Agreement included in *Mark E. Evans Exhibits Related to 1) [The Motion]; and 2) Motion to Modify Stay*, on May 10, 2006, James Johnson, David Milks, Davis, U.S. Benefits Plus, Inc. (collectively referred to as the "Partners"), USB Plus, L.P., and Evans entered into the Agreement. According to the Agreement, Evans and the Partners simultaneously entered into a Sale, Transfer and Assignment of Limited Partnership Interest and Admission of Substitute Limited Partner Agreement (the "LP Transfer Agreement") whereby Evans sold his limited partnership interest in the Partnership to Davis. The Agreement also states that the Partnership owes legal fees of $70,000 to Evans, that the Partners are jointly and severally liable for those fees, and that the Partners desire to waive any distributions from the Partnership until the fees are paid.

2 11 U.S.C. §§ 101 *et seq.* (2008). All references to "Rule(s)" or "Bankruptcy Rule(s)" refer to the Federal Rules of Bankruptcy Procedure.

On May 27, 2008, Debtor filed a *Suggestion of Bankruptcy* in the Collection Case. In consideration of the automatic stay of section 362 of the Code, the state court entered its *Order Administratively Closing Case (Subject to Reinstatement)*, which closed the Collection Case and provided that the Collection Case could be reopened by a party within thirty days of the stay being lifted.

On July 3, 2008, Evans filed *Objections of Mark E. Evans to Debtors' Chapter 13 Plan* (the "Plan Objections") in this court. The Plan Objections stated at page 3:

> 7. *General Objection*. Evans generally objects to Debtors' plan on the grounds that the issues relating to the nature [sic] extent and validity of his claims should be resolved prior to confirmation of Debtors' Plan. Alternatively, the Plan as confirmed should not determine the liability of Debtor Harold Davis to Evans prior to a determination of: a) Evans's rights in the Collection Case; and b) Debtor Harold Davis's right to a discharge under 11 U.S.C. § 1328 and Bankruptcy Rule 4007(d).
>
> 8. *Improper Classification*. The information necessary to determine the nature and extent of Evans's claims will be obtained through discovery conducted in the Collection Case. To the extent Evans's claims against Debtor Harold Davis involve improperly diverted assets or opportunities away from obligors to the Agreement or the fraudulent inducement of Evans to enter into the Agreement, such claims likely would be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(4) and 1328(a)(2). Debtors' Plan consequently fails to properly classify Evans's claims as non-dischargeable. Consequently, the plan fails to comply with the requirements of 11 U.S.C. § 1322(a)(3).

Pursuant to Rule 4007(c), August 11, 2008, was the deadline either (1) to file a complaint disputing dischargeability; or (2) to file a motion requesting more time to file such a complaint.[3]

---

3  Rule 4007(c) provides:
    Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.
  FED. R. BANKR. P. 4007(c). The first meeting of creditors was set for June 10th, 2008. Notice of this meeting was provided in the Case Filing Notice. Starting counting on June 11, 2008, the sixtieth day was Saturday,

Because that deadline has expired, and Movant has not filed a complaint objecting to dischargeability or a motion formally seeking an extension, Movant now contends that the Plan Objections (filed on July 3, 2008) constituted an informal request to extend the deadline by which he was required to file a dischargeability complaint. His theory is that the Motion (filed August 20, 2008)—his formal request—relates back to that informal request. Alternatively, Movant contends that the failure of the clerk to specify the deadline for contesting dischargeability resulted in his never receiving the notice required by Rule 4007(c). From this he argues that the Rule 4007(c) deadline was tolled indefinitely.

## II. Issues

A.    Did the clerk's failure to give official notice of the Rule 4007(c) deadline toll the deadline?

B.    Should the Motion relate back to the Plan Objections and therefore be considered timely filed?

## III. Discussion

Ultimately, Movant seeks to file a complaint objecting to the dischargeability of his claim under sections 523(a)(2) and (a)(4) of the Code. By the Motion, he requests an extension of the deadline to do so. According to section 523(c) of the Code, "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge . . . ." Rule 4007(c) provides:

> Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after

---

August 9, 2008, so the deadline for filing a dischargeability complaint was the following Monday, August 11, 2008. *See* FED. R. BANKR. P. 9006(a).

> the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Rule 9006(b)(3) says, "The court may enlarge the time for taking action under [Rule] . . . 4007(c) . . . only to the extent and under the conditions stated in [that Rule]."

When construing a statute or rule, the court should give effect to the plain meaning unless doing so would produce an absurd result. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 527 (2004). Thus, the plain meaning of Rule 4007(c), read in conjunction with Rule 9006(b)(3), is that a court may only extend the deadline for objecting to dischargeability of a debt upon a motion made within sixty days of the section 341 creditors' meeting, and then only for cause. It is uncontested that Movant did not file a complaint or a motion for more time before the sixty-day deadline. Thus, unless either the Motion relates back to the Plan Objections or the deadline prescribed by Rule 4007(c) was tolled by the defect in the Case Filing Notice, Evans is time-barred from contesting the dischargeability of the debt owed to him.

**A. Did the clerk's failure to give official notice of the Rule 4007(c) deadline toll the deadline?**

According to the Fifth Circuit, lack of official notice does not prevent the Rule 4007(c) deadline from passing. *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987); *Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir. 1990). Like the instant case, *Neeley* involved a creditor who received a written notice that set the date for the initial creditors' meeting but left blank the space for the deadline to file objections to dischargeability. *Neeley*, 815 F.2d 345. Even though the clerk failed to provide official notice, that failure, said the court, did not suspend the deadline when the creditor "had more than ample opportunity to file his complaint in time." *Id.* at 345.

Rather, "[w]hen a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of the creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date . . . is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases."[4] *In re Sam*, 894 F.2d at 781. Thus, the notice requirement in rule 4007(c) is satisfied when a creditor "has actual notice of the case in time to permit him to take steps to protect his rights." *Id*. Because Movant had notice of the case since shortly after it was filed, and because Movant had a duty to consult Rule 4007(c), the court holds that lack of official notice did not prevent the Rule's deadline from passing.[5]

**B. Should the Motion relate back to the Plan Objections and therefore be considered timely filed?**

Movant argues that the situation presented here is analogous to other situations in which courts have allowed formal action to relate back to informal action. For example, Movant cites a case from the Ninth Circuit Bankruptcy Appellate Panel in which the Court held that a proper section 523(c) complaint, which was filed after the Rule 4007(c) deadline, related back to a timely-filed (but formally improper) *motion* objecting to dischargeability. *Gshwend v. Markus (In re Markus)*, 268 B.R. 556 (B.A.P 9th Cir. 2001), *aff'd in part, rev'd in part* 313 F.3d 1146 (9th Cir. 2002).[6] Similarly, Movant cites *In re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000),

---

4   This is especially true when the creditor, as in the case at bar, is a lawyer.

5   By asking the court to extend the Rule 4007(c) deadline, notwithstanding the fact that the time to do so has expired, Movant invokes the court's equitable powers. *See In re Maughan*, 340 F.3d 337, 343-44 (6th Cir. 2003). However, the court believes that equity favors Debtor, because it would be inequitable to saddle Debtor with the clerk's error. Movant, on the other hand, had a duty to inquire into the Rule 4007(c) deadline, which he failed to do.

6   The court notes that there is substantial support for treating a matter commenced by a motion under Rule 9014 as an adversary proceeding. *See, e.g. In re Cannonsburg Environmental Associates, Ltd*, 72 F.3d 1260, 1264 (6th Cir. 1996) ("Although we believe that an adversary proceeding should have been filed instead of a motion

for the proposition that courts have recognized that a creditor or party in interest may act informally during the pendency of a case to assert a proof of claim. In fact, some courts have actually held that "a pleading that is filed before the bar date, which puts the debtor on notice as to the creditors' objections, may be treated as a motion to extend the time for filing a complaint [objecting to discharge]." *In re Sherf*, 135 B.R. 810, 815 (Bankr. S.D. Tex. 1991). This court, however, is not persuaded that "in the interest of justice a certain 'poetic license' or legal fiction should be indulged in under these facts." *Id*.

To support his argument, Movant cites a number of decisions in which courts found various informal statements of position effective under the Rules. For example, the Fifth Circuit Court of Appeals said, "The basic purpose of the thirty day requirement in Rule 4003(b) is to ensure timely notice to debtors that the trustee objects to their claimed exemptions." *In re Young*, 806 F.2d 1303, 1305 (5th Cir. 1987), *overruled on other grounds by In re Orso*, 283 F.3d 686, 693-95 (5th Cir. 2002). [7] In another case, the Fifth Circuit said, "[T]he bankruptcy court was on notice of the first judgment against Mr. Nikoloutsos regardless of whether Mrs. Nikoloutsos filed a proof of claim." *In re Nikoloutsos*, 199 F.3d at 237. Thus, Movant relies on the argument that his Plan Objections served as an informal motion for extension of the Rule 4007(c) deadline because the Plan Objections gave Debtor adequate notice of Movant's intent to

---

in a contested matter, this error constitutes harmless error."). The instant case, however, unlike *Markus*, is not a case in which a contested-matter motion was mistakenly filed in lieu of, but for the same purpose as, an adversary complaint. Thus *Markus*, though apparently providing good authority in Movant's support, is in fact inapposite.

7   In *Young*, the debtor was the beneficiary of an annuity. Upon learning this, the trustee filed a motion requesting the court to order the debtor to direct the annuity proceeds to the trustee. In response, the debtor amended his schedule of exemptions to include the annuity. About forty-four days later, after the deadline to do so had passed, the trustee objected to the exemption. The Court said:
> Trustee levied his objections, [the motion] thus effectively complying with the rule, prior to Debtor's amending of his statement. Debtor does not, and surely cannot, complain that he did not have actual notice of Trustee's objections. To allow Debtor to gain refuge behind Rule 4003(b) when he amended his financial statement *in response* to Trustee's objections would be to elevate form over substance."

*In re Young*, 806 F.2d at 1305 (emphasis original). The vitality of *In re Young* is questionable after the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992).

seek more time to file a dischargeability complaint. According to Movant, the court should treat the Plan Objections the same way other courts have treated informal proofs of claim or improperly made objections, *i.e.*, the court should allow an untimely filing to relate back to the Plan Objections.

However, Movant's argument is unpersuasive and does not withstand scrutiny. The Fifth Circuit elaborated on Rule 4007(c) and its history and purpose in a way particularly relevant to this discussion in two cases. In the first it said:

> [The] departures from past practice, as embodied in Rule 4007(c), evince a strong intent that the participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which debts are subject to an exception to discharge. This fixed, relatively short limitation period enables the debtor and creditors to make better-informed decisions early in the proceedings.

*Neeley v. Murchison (In re Murchison)*, 815 F.2d 345, 346 (5th Cir. 1987). As the Fifth Circuit explained, previous Rule 409 allowed a court to grant a late-filed extension request under circumstances of "excusable neglect," whereas Rule 4007, its successor, does not allow a court that discretion. *Id*. at 346. In the second case the Fifth Circuit said:

> Under [Rule 4007(c)], the bar date is not discretionary with the court. . . . Obviously, one of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard. Another purpose of the time references in these statutes, however, is to promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings 'that, within the set period of 60 days, they can know which debts are subject to an exception to discharge.'

*In re Sam*, 894 F.2d at 781 (quoting *Neeley*, 815 F.2d at 347-48). Finally, in a third case the Fifth Circuit discussed bankruptcy law more generally in its consideration of late-filed proofs of claim. The court said:

> The purpose of the bankruptcy laws is quickly and effectively to settle bankrupt estates. *Katchen v. Landy*, 282 U.S. 323, 328 . . . (1966). Under the Bankruptcy Code and rules, creditors play a zero-sum game in which a failure to navigate effectively through various intricate procedures can mean total defeat. Moreover,

> because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship.

*In re Robintech, Inc.*, 863 F.2d 393, 397-98 (5th Cir. 1989).

In light of these statements by the Fifth Circuit, this court is unwilling to apply the legal fiction of "relation back" in this case.[8] The court believes that to do so would thwart the policy underlying Rule 4007(c). For example, allowing Movant to circumvent the deadline by way of a legal fiction is not consistent with assuring the parties that they will know which debts are excepted from discharge within sixty days. Nor is it consistent with the expeditious and efficient administration of the bankruptcy case, which by necessity depends on the imposition of deadlines. *See In re Collins*, 173 B.R. 251, 252 (Bankr. D.N.H. 1994). Considering the language of Rule 4007(c) and the policy behind its words, this court will not "deem" a motion that was received beyond the deadline to be timely filed.[9] *See id.* Accordingly, the court holds that the Motion does not relate back to the Plan Objections.

---

8   The court expresses no opinion, however, as to whether it would be unwilling to do so under different circumstances, such as when faced with a less sophisticated creditor who is the victim of debtor misconduct. Thus, the court "need not determine whether such a notice-based exception would ever be appropriate in a section 4007(c) case to conclude that one would not be justified in this case." *Covert v. McGuirt (In re McGuirt)*, 879 F.2d 182, 183 (5th Cir. 1989).

9   Even if the court were willing to hold that informal action may make timely a late motion to extend under Rule 4007(c), the court is not convinced that the Plan Objections put debtor on notice that Movant sought to extend the deadline. While the language in the Plan Objections may suggest that Movant intended to dispute dischargeability, it does not, in the court's opinion, indicate clearly that he needed more time than allowed by the Rules to do it. *See Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 147 (9th Cir. 1993) (holding that a motion to lift the automatic stay should not also be considered a motion to extend the deadline under Rule 4007(c), because it did not request an extension or even mention the deadline). Movant had more than a month after filing the Plan Objections—more than three months after the bankruptcy case was filed—to act pursuant to section 523(c) of the Code and Rule 4007(c). Under such circumstances, Debtor should be able to rely on the deadlines in the rules to achieve a prompt and effectual settlement and administration of his bankruptcy estate. *See Miners & Merchants Bank & Trust Co. v. Mullins (In re Mullins)*, 55 B.R. 618, 620 (Bankr. W.D. Va. 1985).

The court also notes that Evans' state-court pleadings merely assert a breach of contract claim. They do not allege fraudulent inducement or anything else that would support a claim under sections 523(a)(2) or (4). In other words, Evans asserts in the Plan Objections that further discovery in state court is intended to determine whether Davis fraudulently induced him, but his state court pleadings do not even raise that issue.

### IV.  Conclusion

Based on the foregoing discussion, the court holds (A) the clerk's failure to give official notice of the deadline for filing objections to dischargeability did not toll the deadline; and (B) the Motion does not relate back to the Plan Objections.  Consequently, the Motion was not timely filed and is therefore DENIED.

It is so ORDERED.

### END OF MEMORANDUM OPINION ###